## South Allegheny School District v. South Allegheny Education Association

*Scott F. Zimmerman,* for plaintiff.
*Ronald Watzman.* for defendants.

SMITH, J., July 23, 1971.—The instant case is an action in equity brought by the South Allegheny School District (hereinafter school district) against the South Allegheny Education Association (hereinafter association) and certain enumerated officers of that association. The school district is a political

subdivision of the Commonwealth of Pennsylvania whose responsibility under the law is to maintain an educational system within its geographical limits. The association is the duly recognized representative of the school teachers, librarians, counsellors, etc., who are employed by the school district in furtherance of the latter's duties.

On or about November 9, 1970, the school district and the association entered into negotiations relative to terms of employment of the association's members for the school year 1971-72. Negotiations continued between the school district and the association for some period of time. Altogether, the parties met on or about 12 different occasions. After negotiating on many occasions, the parties asked for the assistance of a State mediator and on or about February 25, 1971, a State mediator (Mr. Rush) entered the collective bargaining process and met with the parties. Discussions and mediations took place under the auspices of a State mediator. On March 16, 1971, the parties again met but without any success. On that date, the school district met with the State mediator and remained with him in furtherance of the mediation process until 2:30 a.m., on March 17, 1971.

On Wednesday, March 17, 1971, the association and its members went out on strike. The school district received a letter from the association to the effect that as of midnight, March 16, 1971, it was on strike even though at the same time the mediation process was underway.

The school district applied to the court for equitable relief and a hearing was held on Saturday, March 20, 1971. At this hearing, it was admitted by the parties that further mediation under the auspices of the State mediator were to take place at 2 o'clock that afternoon. Both the president and the chief

negotiator for the association, as well as a member of the school board, agreed that this was the case.

While the various dates that the parties negotiated or mediated may not have been stated with particularity, it is uncontroverted from the record in this case that at the time the association went out on strike the school district and the association were still engaged in the mediation process. The Act of July 23, 1970, P. L. 563, 43 PS § 1101-101, et seq., provides in section 1002[1] that strikes by public employes, of which group the employes of the association are admittedly members, during the pendency of collective bargaining procedures set forth in section 801 and section 802 of article VIII are prohibited and in the event that such prohibited strike does take place, the public employer, such as the school district, shall forthwith initiate an action for relief and utilizing the procedures required for prohibited strikes under section 1001. Section 1001[2] of Act No. 195, cited supra, directs the public employer to initiate an action for equitable relief, including, but not limited to, injunctions. From a reading of section 1002 and section 1001, it is clear that the legislature prohibited any strike which took place during the pendency of collective bargaining procedures and, if such a prohibited strike did take place, then the public employer was to seek equitable relief.

---

[1] "Section 1002. Strikes by public employes during the pendency of collective bargaining procedures set forth in sections 801 and 802 of Art. VIII are prohibited. In the event of a strike during this period the public employer shall forthwith initiate an action for the same relief and utilizing the same procedures required for prohibited strikes under section 1001."

[2] ". . . If a strike occurs the public employer shall forthwith initiate in the court of common pleas of the jurisdiction where the strike occurs, an action for appropriate equitable relief including but not limited to injunctions. . . ."

This leads us to the primary issue that was before the chancellor and that is, was there a strike by public employes during the pendency of collective bargaining procedures as set forth in section 801 and section 802 of article VIII of Act No. 195 of 1970, cited supra? Section 801 deals with negotiations and section 802 deals with mediation. Section 802[3] provides that once mediation has commenced, it shall continue for so long as the parties have not reached an agreement.

---

[3] "Once mediation has commenced, it shall continue for so long as the parties have not reached an agreement. If, however, an agreement has not been reached within twenty days after mediation has commenced or in no event later than one hundred thirty days prior to the 'budget submission date,' the Bureau of Mediation shall notify the board of this fact. Upon receiving such notice the board may in its discretion appoint a fact-finding panel which panel may consist of either one or three members. If a panel is so designated or selected it shall hold hearings and take oral or written testimony and shall have subpoena power. If during this time the parties have not reached an agreement, the panel shall make findings of fact and recommendations:

"(1) The findings of fact and recommendations shall be sent by registered mail to the board and to both parties not more than forty days after the Bureau of Mediation has notified the board as provided in the preceding paragraph.

"(2) Not more than ten days after the findings and recommendations shall have been sent, the parties shall notify the board and each other whether or not they accept the recommendations of the fact-finding panel and if they do not, the panel shall publicize its findings of fact and recommendations.

"(3) Not less than five days nor more than ten days after the publication of the findings of fact and recommendations, the parties shall again inform the board and each other whether or not they will accept the recommendations of the fact-finding panel.

"(4) The Commonwealth shall pay one-half the cost of the fact-finding panel; the remaining one-half of the cost shall be divided equally between the parties. The board shall establish rules and regulations under which panels shall operate, including, but not limited to, compensation for panel members."

In the instant case, it is uncontroverted that the parties had commenced mediation in accordance with section 802 and that the mediation process was still going on at the time the strike took place. Mr. Andrew Serdi, president of the association, and Mr. James Jackson, chief negotiator for the association, both testified that the mediation process was still in effect at the time of the hearing for the preliminary injunction and that they were to meet on the same day with the State mediator. Mr. James Roche, director of the school district, also testified that they were to meet with the State mediator on the date of the hearing.

The court, having concluded that collective bargaining was still taking place in accordance with section 802 of Act No. 195 of 1970, supra, it followed that under section 1002 the strike by the association and its members was prohibited and that the school district was under a mandate to commence the action which it did asking for relief in accordance with section 1001. The chancellor, concluding that the strike was prohibited by section 1002, entered a preliminary injunction in accordance with the spirit and letter of the Public Employee's Relations Act.